UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ALLEN TURNER, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-470 |
| § | |
| K. POVNAN, *et al*, § | |
| § | |
| Respondents. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondents' motion for summary judgment (D.E. 8), seeking dismissal of Petitioner Roy Allen Turner's Petition for Writ of Habeas Corpus which was filed pursuant to 28 U.S.C. § 2254 (D.E. 1). On April 20, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 12), recommending that Respondents' motion be granted and that a Certificate of Appealability be denied. This Court received Petitioner's timely-filed objections (D.E. 13) on May 6, 2015. Petitioner's objections are addressed below.

Petitioner objects to the Magistrate Judge's recommendation that his right to due process was not violated because he failed to identify a cognizable liberty interest. D.E. 12, p. 5-7. Petitioner argues that the result of the underlying disciplinary hearing harmed his likelihood of a parole release. D.E. 13, p. 3. Petitioner's argument is foreclosed by Fifth Circuit precedent. *E.g., Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (holding that there is no constitutional expectancy of parole in Texas because "it is entirely speculative"). Consequently, Petitioner's objection is **OVERRULED**.

Petitioner also objects to the Magistrate Judge's recommendation because "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegation in the complaint." D.E. 13, p. 2. Petitioner, in making this argument, misconstrues the standard applied in a motion for summary judgement. Petitioner attempts to apply the standard under a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996) ("Rule 12(b)(6) measures the sufficiency of the plaintiff's allegations."). Summary judgment, on the other hand, is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court finds no error in the Magistrate Judge's recommendation and thus Petitioner's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 12), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondents' motion for summary judgment (D.E. 8) is **GRANTED** and Petitioner's cause of action for habeas corpus relief is **DENIED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 17th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE